# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 4, 2022

Lyle W. Cayce
Clerk

No. 20-60478
Summary Calendar

BLANCA AZUCENA GREGORIO-OSORIO; DIEGO FERNANDO
GREGORIO-OSORIO,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No.  A209 290 702
BIA  No. A209 290 703

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:

Blanca Azucena Gregorio-Osorio,[1] a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing appeal from an order of the Immigration Judge (IJ) denying

---

[1] Gregorio-Osorio is the lead petitioner; her minor son, Diego Fernando Gregorio-Osorio, is included as a derivative respondent on his mother's application.

applications for asylum and withholding of removal and denying an alternative motion to remand for consideration of voluntary departure. Gregorio-Osorio argues that she suffered persecution and that she has a well-founded fear of future persecution based on her anti-police corruption political opinion and her membership in various particular social groups.

We review only the BIA's decision "unless the IJ's decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Further, we review the BIA's legal conclusions de novo and its factual findings under the substantial evidence standard, meaning that the findings must be based on the evidence and be substantially reasonable. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012). Whether an alien has demonstrated eligibility for asylum or withholding of removal is a factual determination that we review for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Gregorio-Osorio has failed to show that the harm she suffered in Guatemala rises to the level of persecution or that she has a well-founded fear of future persecution on account of a protected ground. *See* 8 U.S.C. § 1158(b)(1); *see also* 8 C.F.R. § 1208.13(b)(2)(ii); *Changsheng Du v. Barr*, 975 F.3d 444, 447-48 (5th Cir. 2020). Because Gregorio-Osorio has failed to demonstrate her entitlement to asylum, she has also failed to demonstrate her entitlement to withholding of removal. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012).

An alien may be permitted to voluntarily depart the United States at the conclusion of removal proceedings if, among other things, she has been physically present in the United States for a period of at least one year immediately preceding the date on which she was served with a notice to appear. 8 U.S.C. § 1229c(b)(1)(A). In this case, the BIA relied on *Matter of Mendoza-Hernandez*, 27 I & N Dec. 520 (BIA 2019), for the proposition that

service of a notice of hearing containing the date and time of an alien's hearing cures a notice to appear that lacks the date and time and triggers the 8 U.S.C. § 1229b(d)(1)(A) stop-time rule.

On April 29, 2021, the Supreme Court released its opinion in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). In *Niz-Chavez*, the Supreme Court held that a notice to appear sufficient to trigger the § 1229b(d)(1)(A) stop-time rule must be a "single document containing all the information an individual needs to know about his removal hearing" specified in 8 U.S.C. § 1229(a)(1). 141 S. Ct. at 1478; *see id.* at 1478-86. Thus, under *Niz-Chavez*, a notice to appear sufficient to trigger the § 1229b(d)(1)(A) stop-time rule must be a single document containing "the nature of the proceedings against the alien, the legal authority for those proceedings, the charges against the alien, the fact that the alien may be represented by counsel, the time and place at which the proceedings will be held, and the consequences of failing to appear." *Id.* at 1479; *see id.* at 1478-86; *see also* § 1229(a)(1).

Gregorio-Osorio's notice to appear did not contain all of the above information. *See Niz-Chavez*, 141 S. Ct. at 1479. However, *Niz-Chavez* addressed § 1229b(d)(1)(A), not the statute at issue here, § 1229c(b)(1)(A). The Government indicates that the matter should be remanded, in part, to the BIA for consideration of her request for voluntary departure in light of *Niz-Chavez*. Thus, the petition for review is granted as to the stop-time issue, and this matter is remanded to the BIA for consideration under *Niz-Chavez* and other relevant precedents. In all other respects, the petition for review for review is denied.

The petition for review is GRANTED IN PART. This matter is hereby REMANDED to the BIA. As to all remaining claims, we have reviewed the decisions of the BIA and the record, and the petition for review is DENIED.